On May 29, 2018, petitioner Jerry Trooien filed a nominating petition as a candidate in the special election for United States Senator, to be held on November 6, 2018. See Minn. Stat. § 204B.03 (2016) ("Candidates for any partisan office who do not seek the nomination of a major political party shall be nominated by nominating petition...."). Trooien's nominating petition listed his statement of political party or political principle as "unaffiliated." See Minn. Stat. § 204B.07, subd. 1(c) (2016) (requiring a nominating petition to state "the candidate's political party or political principle expressed in not more than three words").
On September 26, 2018, Trooien filed a petition pursuant to Minn. Stat. § 204B.44(a)(4) (2016), asking this court to order the Secretary of State to correct the ballot for the special election on November 6, 2018, by replacing the existing statement of his political party or political principle, "unaffiliated," with the word "independent." See Minn. Stat. § 204D.13, subd. 3 (2016) (requiring the "political party or political principle of the candidate as stated on the petition" to appear on the ballot "after the name of a candidate nominated by petition"). Trooien asserts that he used "unaffiliated" on his nominating petition under the belief that he could not use the word "independent." We ordered Trooien to serve the petition on the other candidates in the special election and established deadlines for responses to the petition.
The Secretary of State filed a response on October 1, 2018, stating that his office did not advise Trooien that "independent" could not be used on the nominating petition. The Secretary of State asks that we dismiss the petition as untimely based on the unreasonable delay between the filing of Trooien's nominating petition and the filing of his petition with this court. The Secretary of State also asserts that substantial prejudice would result from changing the ballot at this late date because 2.34 million ballots that show Trooien's political party or political principle as "unaffiliated" have already been printed and early voting is underway in Minnesota using these ballots. Specifically, over 191,000 absentee and mail ballots have been transmitted to voters and more than 21,000 of those ballots have been cast and accepted.
Trooien, in reply, states that he did not learn that he could use the word "independent" as his statement of political party or principle until August 30, 2018, less than 1 month before he filed his petition, and that he proceeded thereafter within a reasonable time to bring his request to this court. Trooien also asserts that voters' interests in being "fully informed" about a candidate's political party or political principle outweigh the limited expense that might result from correcting the ballot.
We have applied laches to election ballot challenges, dismissing petitions when the petitioner does not proceed " 'with diligence and expedition in asserting his claim.' " Clark v. Pawlenty , 755 N.W.2d 293, 299 (Minn. 2008) (quoting Marsh v. Holm , 238 Minn. 25, 55 N.W.2d 302, 304 (1952) ). The question in such a case is " 'whether there has been such an unreasonable delay in asserting a known right, *561 resulting in prejudice to others, as would make it inequitable to grant the relief prayed for.' " Id. (quoting Winters v. Kiffmeyer , 650 N.W.2d 167, 170 (Minn. 2002) ). We have said that candidates "must judge carefully whether they can afford to wait even a few days before acting upon a known right" because "the ballot preparation and availability deadlines, the expense associated with ballot preparation and election administration, and the need for voter certainty" demand diligence. Martin v. Dicklich , 823 N.W.2d 336, 342 (Minn. 2012).
Trooien acknowledges that he knew as of August 30, 2018, that he had the right to use the word "independent" as his statement of political party or political principle.[1] See Minn. Stat. § 204B.07, subd. 1(c) (allowing a candidate nominated by petition to use "the word 'independent' ... to designate the [candidate's] party or principle"). Yet his petition was not filed with this court until September 26, 2018. In the intervening period, millions of ballots were prepared based on Trooien's nominating petition and early voting in Minnesota began with those ballots. See Minn. Stat. § 203B.081, subd. 1 (2016) (allowing an eligible voter to vote by absentee ballot "during the 46 days before the election"); see also Minn. Stat. § 204D.13, subd. 3 (requiring the ballot to include the candidate's political party or political principle as stated on the nominating petition).
The orderly administration of elections does not wait for convenience. Martin , 823 N.W.2d at 342. Trooien was required to move expeditiously to seek relief once he knew that he was permitted to use the word "independent" as his statement of political party or political principle. On August 30 and for days thereafter, the ballot for the general election was not yet available and could have been corrected before voting opened and votes were cast, if relief was warranted. In light of the considerable expenditure of resources and funds associated with opening voting in Minnesota on September 21, 2018, 5 days before Trooien's petition was filed, Trooien's lapse of almost 4 weeks is unreasonable and substantial prejudice would result from making such a last-minute change to the ballot after voting has begun. We conclude, based on these circumstances, that the petition must be dismissed.
Based upon all the files, records and proceedings herein,
IT IS HEREBY ORDERED that the petition to correct the ballot for the special election on November 6, 2018, for United States Senator be, and the same is, dismissed.
BY THE COURT:
/s/ ______________________________
Lorie S. Gildea
Chief Justice
LILLEHAUG, CHUTICH, JJ., took no part in the consideration or decision of this case.

Because we conclude that laches bars the petition using August 30, 2018, as the date Trooien had a known right, we need not determine if the earlier date proposed by the Secretary of State should be used for when Trooien's right was known.